# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IAN QUARLES, | ) |
|        Petitioner, | ) Civil Action No. 2: 14-cv-0320 |
| v. | ) Chief United States District Judge |
| | ) Joy Flowers Conti |
| JON FISHER, Superintendent at SCI-Smithfield, et al., | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
|        Respondents. | ) |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 4) be summarily dismissed as moot. A certificate of appealability should be denied.

**II.    REPORT**

On March 12, 2014, Petitioner Ian Quarles, formerly a state prisoner incarcerated at the State Correctional Institution at Smithfield in Huntington, PA, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his recommitment as a technical parole violator. It appears that Petitioner was released from custody on April 16, 2014, and there are no active detainers or consecutive sentences related to his sentence. *See* Exhibit A and B attached to Respondents' Motion to Dismiss (ECF No. 11-1). Additionally, by virtue of the notice of change of address Petitioner filed with this Court on May 5, 2014, it is evident that Petitioner has been released from SCI-Smithfield and is no longer incarcerated. (*See* ECF No. 14.)

On April 21, 2014, the Court issued an Order to Show Cause for Petitioner to show cause on or before May 23, 2014, why his habeas petition should not be dismissed as moot because his sentence has been completed. The Order to Show Cause was mailed to Petitioner's listed address of record: SCI-Smithfield, 1120 Pike Street, Post Office Box 999, Huntingdon, PA 16652. On May 5, 2014, Petitioner notified the Court that he had been released from prison and provided the Court with a new address. Although the April 21, 2014 Order had not been returned to the Court as undeliverable, the Court, in an abundance of caution, resent the Order to Petitioner at his new address and allowed him until June 9, 2014 to respond.

To date, Plaintiff has not responded to the May 5, 2014, Order to Show Cause nor has he requested an extension of time in which to do so. For the reasons set forth herein, the Court recommends that the Petition be dismissed as moot.

A. <u>Mootness Doctrine</u>

A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a); *Smith v. Phillips*, 455 U.S. 209 (1982); *Geschwendt v. Ryan*, 967 F.2d 877 (3d Cir.), *cert. denied*, 506 U.S. 977 (1992); *Zettlemoyer v. Fulcomer*, 923 F.2d 284 (3d Cir.), *cert. denied*, 502 U.S. 902 (1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Allen v. McCurry*, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); *Wolff v. McDonnell*, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The writ supplies the mechanism by which prisoners may challenge the length of their custodial term.

*Fields v. Keohane*, 954 F.2d 945, 949 (3d Cir .1992); *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1991). The remedy is to free an inmate from unlawful custody.

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624 (1982). The general principle derives from the case or controversy requirement of Article III of the U.S. Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp*. 494 U.S. 472, 477-78 (1990). In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*. at 477. *See also Spencer v. Kemna*, 523 U.S. 1 (1998); *Maleng v. Cook*, 490 U.S. 488, 491-492 (1989) (habeas petitioner does not remain "in custody" under conviction after the sentence imposed has fully expired merely because of possibility that prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); *United States v. Romera-Vilca*, 850 F.2d 177, 179 (3d Cir. 1988) (prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction).

The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a former prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand. *See Carafas v. LaVallee*, 391 U.S. 234 (1968). It is Petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. *Spencer*, 523 U.S. at 7.

Through the mere passage of time, Petitioner has obtained the requested relief as he was released from state custody. Thus, Petitioner's claim for relief is barred as moot unless he can demonstrate that he will suffer collateral consequences from the denial of federal habeas relief. Plaintiff has not demonstrated that collateral consequences exist to avoid having his case dismissed as moot. Accordingly, no live controversy remains.

B. <u>Certificate of Appealability</u>

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong . . . ." *Szuchon v. Lehman,* 273 F.3d 299, 312 (3d Cir. 2001) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." *McCracken v. Gibson*, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

Because Petitioner's claim is moot, a certificate of appealability should be denied.

III. **CONCLUSION**

Because Petitioner's claim is now moot, the Court recommends that this Petition for Writ of Habeas Corpus (ECF No. 4) be dismissed. A certificate of appealability should be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall until **July 7, 2014,** to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.


Dated: June 17, 2014

                 *s/ Cynthia Reed Eddy*
                 Cynthia Reed Eddy
                 United States Magistrate Judge


cc:  IAN QUARLES
   810 Wood Street
   Apartment 209
   Wilkinsburg, PA 15221

   John C. Manning
   PA Board of Probation and Parole
   Email: jmanning@pa.gov