# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IAN QUARLES, | ) |
| | ) Civil Action No. 2: 14-cv-0320 |
| Petitioner, | ) |
| | ) Chief United States District Judge |
| v. | ) Joy Flowers Conti |
| | ) |
| JON FISHER, Superintendent at SCI-Smithfield, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On March 12, 2014, Petitioner Ian Quarles ("Petitioner"), formerly a state prisoner incarcerated at the State Correctional Institution at Smithfield in Huntington, PA, petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his recommitment as a technical parole violator. Respondents filed a motion to dismiss (ECF No. 11) requesting that the petition be dismissed as moot as Petitioner was released from custody on April 16, 2014, and as there are no active detainers or consecutive sentences related to his sentence, no collateral consequences exist to avoid having this case dismissed as moot.

The magistrate judge filed a Report and Recommendation on June 17, 2014 (ECF No. 16) recommending that the Petition for Writ of Habeas Corpus be dismissed as moot as no live controversy remains and that a certificate of appealability be denied. On July 23, 2014, Petitioner filed a "Response and Objection to Report and Recommendation and Respondent's Motion to Dismiss" (ECF No. 18) in which he contends that he is suffering from "an injury, mental illness and continue to be which is a collateral consequence traceable to the Respondents . . . ." (ECF No. 18 at 3.) Petitioner contends that his recommitment as a technical parole violator

1

his 14th Amendment right to due process and that "as a collateral consequence of his conviction he suffered then and still suffer up-to-date through the continued treatment and care of psychiatric professionals for complications to his mental health, depression and anxiety, that effects (sic) him in his daily activities in society!" (*Id.* ¶ 4.)

Petitioner's objections fail as they simply do not assert a claim cognizable under 28 U.S.C. § 2254. Through the mere passage of time, Petitioner obtained the requested relief as he was released from state custody. As there are no active detainers or consecutive sentences related to his sentence as a technical parole violator, Petitioner cannot demonstrate that collateral consequences exist to avoid having his case dismissed as moot. For these reasons, the court finds that Petitioner's objections do not undermine the recommendation of the magistrate judge and the petition will be dismissed as moot.

BY THE COURT:

Dated: July 31, 2014

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief, United States District Judge

cc: IAN QUARLES
810 Wood Street
Apartment 209
Wilkinsburg, PA 15221

John C. Manning
PA Board of Probation and Parole
Email: jmanning@pa.gov